UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| S & C TEXAS INVESTMENTS, INC. § | CASE NO. 18-35668-H2-11 |
| § | |
| § | |

# DEBTOR'S PLAN OF REORGANIZATION

## ARTICLE I

## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of S&C Texas Investments, Inc. ("Debtor") from future income. This Plan provides for classes of secured creditors, priority creditors, equity interest holders and unsecured creditors. This Plan also provides for the payment of administrative claims. All creditors should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

1. *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer balance in the amount of $16,205.60 and estimates fees and expenses in the amount of $35,000.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

      2.    *Priority Unsecured Tax Claims*

The **Texas Comptroller of Public Accounts** has filed a claim in the amount of $5,946.57 for franchise taxes. This claim will be paid, plus 6.5% interest in monthly installments and it will be paid in full within 5 years of the petition date. The payments will be approximately **$150.00** per month with the first monthly payment being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

The **Texas Comptroller of Public Accounts** has filed a claim in the amount of $10,482.87 for sales taxes. This claim will be paid, plus 6.5% interest in monthly installments and it will be paid in full within 5 years of the petition date. The payments will be approximately **$1,460.00** per month with the first monthly payment being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

The **Connecticut Department of Revenue** filed a claim for $2,078.37. The Debtor will pay this claim in full plus 6.5% interest in monthly installments and the claim will be paid in full within five years of the petition date. The payments will be approximately **$50.00** per month with the first monthly payments being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

The **Massachusetts Department of Revenue** filed a claim for $456.00. The Debtor will pay this claim in full plus 6.5% interest in monthly installments and the claim will be paid in full within five years of the petition date. The payments will be approximately **$13.00** per month with the first monthly payments being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

The **Department of Law Town of Wallingford** filed a claim for $3,891.34. The Debtor will pay this claim in full plus 6.5% interest in monthly installments and the claim will be paid in full within five years of the petition date. The payments will be approximately **$95.00** per month with the first monthly payments being due and payable on the 15th day of the first calendar month following 60 days after the effective date of the plan.

**Valeri Moro, Joshua Phillips and Ra'munn Turner** are former employees. Because of the size of their claims, they will be paid in full on the Effective Date. Ms. Moro will be paid $215.00. Mr. Phillips will be paid $199.80 and Mr. Turner will be paid $180.83.

      3.    *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The

following chart lists all classes containing Debtor's secured pre-petition claims and the proposed treatment under the Plan:

**Harris County, et al** – This creditor filed a claim for $6,248.50 for personal property taxes. It will be paid in full plus statutory interest within 5 years of the petition date, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan. The payment will be approximately **$172.00.**

**Fort Bend County** – This creditor is owed $3,006.82 for personal property taxes. It will be paid in full plus statutory interest within 5 years of the petition date, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan. The payment will be approximately **$80.00.**

**Montgomery County** – This creditor is owed $595.74 for personal property taxes. It will be paid in full plus statutory interest within 5 years of the petition date, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan. The payment will be approximately **$16.00.**

**Harris County Municipal Utility District #122** – This creditor is owed $3,386.16 for personal property taxes. It will be paid in full plus statutory interest within 5 years of the petition date, with the first monthly payment being due and payable on the 15th day of the first month following 60 days after the effective date of the plan. The payment will be approximately **$90.00.**

**Radius Bank -** This creditor filed a claim for $4,432,914.74. It will be paid in full including 5% interest in 360 equal monthly payments of $24,000.00 with the first payment being due and payable on the 1st day of the first month following 60 days after the effective date of the plan. Radius Bank will retain its lien against the debtor's assets until it is paid in full.

**United States Small Business Administration -** This creditor filed a claim for $207,816.55. Since there is insufficient security to collateralize this debt, this claim will be treated as an unsecured claim.

**B.O.B. Entertainment, Inc. –** This creditor filed a claim for $251,186.04. Since there is insufficient security to collateralize this debt, this claim will be treated as an unsecured claim.

**D&S Entertrainment, LLC** – This creditor has filed a claim for $461,513.64. Since there is insufficient security to collateralize this debt, this claim will be treated as an unsecured claim.

**Don Dean** – This creditor has filed a claim for $1,801,990.40. Since there is insufficient security to collateralize this debt, this claim will be treated as an unsecured claim.

**Ascentium Capital** – This creditor leases equipment to the Debtor, payments are on-going, and the lease is hereby assumed.

**KLC Financial/First Utah Bank** – This creditor leases equipment to the Debtor, payments are on-going, and the lease is hereby assumed. **These claims are impaired**

4. *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The allowed general unsecured creditors will be paid as much of what they are owed as possible and will be mailed S&C Texas Investments, Inc.'s previous year's financial statement each year for five years, during the term of the Plan, on or about May 1st each year, beginning on May 1, 2020, and thereafter on or about May 1, 2021, May 1, 2022, May 1, 2023, and May 1, 2024. Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all priority and secured plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 50% of the net profit for the previous year, in twelve monthly payments beginning on September 15th of the year in which the financial statement is mailed to these creditors. Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to the allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement. This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to the allowed unsecured creditors will be discharged.

5. *Insider Claims*

Insiders will not be paid any pre-petition claims during the term of the Plan and their claims will be discharged upon confirmation of the Plan.

6. *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in S&C Texas Investments, Inc. The shareholders are:

Ryan Swift Common 4.7% ownership
Juan Castro Common 8.8% ownership
S&C Texas Investments, Inc. 401(k) Plan f/b/o Ryan Swift Common 76.3% ownership
S&C Texas Investments, Inc. 401(k) Plan f/b/o Juan Castro Common 5.2% ownership
S&C Texas Investments, Inc. 401(k) Plan f/b/o Damar Castro Common 5.0% ownership

The shareholders will not receive any dividends unless and until all creditors are paid in full pursuant to this plan.

# ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

<u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

<u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

<u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>Claim Objections.</u> The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

<u>Vesting of Property</u> On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

<u>Default</u> – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law.  In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor. Then the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

<u>Assumed Executory Contracts and Unexpired Leases</u>.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" The leases with Ascension Capital, KLC Financial/First Utah Bank, RK Centers and Slomkowski Family Realty.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan."  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

# ARTICLE V

# MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future business income of the Debtor. The current management will remain in control.

# ARTICLE VI

# GENERAL PROVISIONS

<u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

<u>Effective Date of Plan</u>. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

<u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

<u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

<u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

<u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

<u>Disputed Claims.</u>  All claims that were listed in the schedules as "disputed" required the filing of a proof of claim.  If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

<u>Late-Filed Claims.</u>  Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

# ARTICLE VII

# DISCHARGE

On the confirmation date of this Plan, S&C Texas Investments, Inc. will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective

date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated June 5, 2019.

/s/ Margaret M. McClure

_____

Margaret M. McClure, Attorney for Debtor